M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: 650.618.4360
Facsimile:  650.618.4368

CABRACH J. CONNOR
Texas Bar No. 24036390 (*pro hac vice* forthcoming)
cconnor@taylordunham.com
JENNIFER TATUM LEE
Texas Bar No. 24046950 (*pro hac vice* forthcoming)
jtatum@taylordunham.com
CONNOR LEE, PLLC
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Telephone:  512.777.1254
Facsimile:  888.387.1134

Attorneys for Plaintiff
Landmark Networks, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LANDMARK NETWORKS, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UBISOFT ENTERTAINMENT, SA and UBISOFT, INC.,<br><br>　　　　Defendants. | CASE NO. _17-cv-7049_____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Landmark Networks, LLC ("Landmark") files this Original Complaint against Ubisoft Entertainment, SA and Ubisoft, Inc. for infringement of U.S. Patent Nos. 6,018,720 and 6,856,966.

**PARTIES**

1. Landmark Networks, LLC is a limited liability company organized under the laws of the State of Texas with its headquarters and principal place of business at 1400 Preston Road, Suite 475, Plano, Texas 75093.

2. Defendant Ubisoft Entertainment, SA is a French corporation with a principal place of business at 28 rue Armand Carrel, Montreuil, 93100, France.

3. Ubisoft, Inc. is a corporation organized under the laws of the State of California with its principal place of business in San Francisco, California. Ubisoft, Inc. may be served via its registered agent, Stephen Smith, Law Office of Stephen S. Smith, P.C., 30700 Russell Rand Rd. Suite 250, Westlake Village, California 91362.

4. Defendant Ubisoft Entertainment, SA and Defendant Ubisoft, Inc. are collectively referred to as "Defendants" and "Ubisoft."

## JURISDICTION AND VENUE

5. Landmark brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Ubisoft is subject to personal jurisdiction of this Court based upon its regularly conducted business in California and in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Ubisoft, Inc. maintains its headquarters and principal executive offices in this judicial district, and Defendants conduct business and have committed acts of infringement in this judicial district.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rule 3-2(c), this case is subject to district-wide assignment because it is an Intellectual Property Action.

## THE LANDMARK PATENTS IN SUIT

9. Landmark is the owner, by assignment of, U.S. Patent No. 6,018,720 (the "'720 Patent"), titled "DATA DELIVERY METHOD AND SYSTEM THEREFOR," and U.S. Patent No. 6,856,966 (the "'966 Patent"), titled "PRODUCT DELIVERY METHODS."

10. A true and correct copy of the '966 Patent is attached as Exhibit A.

11. A true and correct copy of the '720 Patent is attached as Exhibit B.

12. The patents originated from Universal Entertainment Corporation ("UEC").



13. UEC is a Japanese gaming and entertainment company that is publicly traded on the Tokyo Stock Exchange.

14. UEC develops, manufactures, and sells electronic and computerized Pachislot and Pachinko machines and peripheral devices.



15. UEC's research and development efforts focus on gaming systems and software distribution.

16. The '720 and '966 Patents generally relate to product delivery methods and systems for performing product delivery and accounting simultaneously by utilizing rewritable record medium and systems therefor.

17. Conventional card systems, including prepaid cards, credit cards and IC cards, have encountered numerous problems in the case of delivering software, such as game software, and data by using these cards. Such problems include: counterfeiting; specialized card readers for reading prepaid cards; the lack of reloading on a prepaid card; purchasers are limited to possessors of credit cards; lack of communications between the credit card and computer of a software deliverer about the sales conditions of software; memory capacity for IC cards is low; and data stored on an IC card includes personal data which requires encryption and anti-copying techniques and the cost of IC

cards.

18. The invention helps solve the problems encountered when trying to provide a transaction platform for purchase and delivery of software media (purchaser record medium) to which game software is rewritten or reloaded.

19. At the time of purchase, a purchaser writes purchaser inherent data to the purchaser record medium. When game software is requested from a computer of the shop, data recorded in the purchaser record medium is sent to software deliverers through communication networks, and is collated with past data recorded in computer. If matched, the game software is delivered from the software deliverer to the shop, and is then recorded in the purchase record medium. Simultaneously, additional data relating to the game software is recorded in the purchase record medium and in the computers of the software deliverers.

20. Advantages of the claimed subject matter include online accounting maintenance, without the need for prepaid or reloadable cards as well as simplifying accounting for transactions and balance maintenance.

21. As the owner of the '720 and '966 Patents, Landmark holds all substantial rights in and under the '720 and '966 Patents, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

**UBISOFT**

22. Ubisoft is a leading creator, publisher, and distributor of interactive entertainment and services, with a rich portfolio of world-renowned brands (e.g. Assassin's Creed). Ubisoft is also a developer of technologies including UPlay an online gaming platform.



23. Ubisoft, provides its products to its end-users via its Uplay platform.



24. Ubisoft's game platform Uplay distributes and manages games.

**UBISOFT AND THE '966 PATENT**

25. These screenshots show the Uplay store that is publicly available via internet browsers and the Uplay computer application.





26. Ubisoft's Uplay service uses a data providing method for delivering data (e.g., a game) to a rewritable record medium (e.g., a user's computer with memory) via a communication line (e.g., WAN, LAN, internet, etc.).

27. Ubisoft's Uplay records second data including identification data of the purchaser on the rewritable record medium. Such information may include a user's ID, password or other identifying or authenticating data relating to the user account.

28. The second data is retrieved from the rewritable record medium onto a Ubisoft server (i.e., a data intermediate portion).

29. A purchase from the Ubisoft store produces third data including purchase information on an available purchaser balance. For example, when a purchaser redeems Ubisoft Club Units the Units are deducted from the purchaser's account.



30. User information is stored on Ubisoft and used in connection with the purchase process. Such information includes available balance and information required to effect a purchase transaction by the user. Purchase information, or third data, is stored on the Ubisoft servers.

31. When a purchase is made on Ubisoft, third data is produced and recorded to register for that purchaser her available balance (e.g., credits or authorized credit sale amount) including purchase information is recorded onto the rewritable record medium.

32. Ubisoft creates logs reflecting purchase transactions, and third data including purchase information is recorded onto the rewritable record medium.

33. Third data including purchase information is registered on Ubisoft servers.

34. Purchase history and purchased games are stored on Ubisoft servers.

35. When a user accesses the Ubisoft store, an indication displays to show whether a game is in the user's library (called "My Games" or "Uplay PC library" on Uplay) and whether a game has been installed.

36. Third data including purchase information associated with purchaser's account is retrieved from an Ubisoft server when the purchaser requests the purchase of first data (e.g., a game).

37. A game can be downloaded when: (i) the username and password entered in the application match what is stored on the Ubisoft server, and (ii) the application checks that the game is not already installed on the user's computer.

38. Third data including purchase information associated with purchaser's account is retrieved from Ubisoft server when the purchaser requests the purchase of first data (e.g., a game).



39.  Third data including purchase information associated with purchaser's account is retrieved from an Ubisoft server when the purchaser requests the purchase of first data (e.g., a game).

40.  An accounting operation is performed that provides the requested first data when relevant portions of third data are matched. The purchase produces additional third data.

41.  An accounting operation occurs during checkout when a purchaser's credit account is charged or Club Unit credits are used.





42. The Ubisoft product reflects a user's purchase information and purchase transaction history.



43. After the purchase transaction, data is recorded onto the rewritable record medium from a data delivery portion including the first data and additional third data.

44. Data can be downloaded onto a user's computer only after it is purchased.



45. After the purchase transaction, data is recorded onto the rewritable record medium from a data delivery portion including the first data and additional third data.

46. Purchase history and the list of purchased games (in the user's "library") are updated on the user's computer.



47. After a purchase transaction, additional third data is registered in the data providing system.

48. Purchase history is stored on Ubisoft servers and is accessible on the Uplay application.

49. Each purchase is registered on an Ubisoft store computer.



**UBISOFT AND THE '720 PATENT**

50. Ubisoft requires a user to have a computer having memory with areas for storing primary data and additional data including purchaser, purchase, and accounting data.



51. Games purchased on Ubisoft are stored locally (e.g., in \\Ubisoft\Ubisoft Game Launcher).

52. A list of game purchases corresponding to a user ID is stored on and available from the Ubisoft Uplay application.

53. Users can access a list of purchased games on Ubisoft in offline mode.



54. Historical data is recorded in an Ubisoft server and in the user PC/laptop memory.

55. Ubisoft creates logs and other files on the user PC/laptop that record historical data.

56. Primary data requested by a purchaser is delivered from an Ubisoft server to the user computer (i.e., a PC/laptop) when the historical data stored in the user computer is matched to historical data stored on the Ubisoft server.

57. A game is available to be downloaded from Ubisoft when the username and password entered match what is stored on the Ubisoft server and Ubisoft checks that the game is not already installed on the user's computer.

58. Ubisoft performs accounting operations for tracking and recording user account information relating to purchases and download transactions.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 6,856,966)

59. Landmark incorporates paragraphs 1 through 58 herein by reference.

60. Landmark is the owner, by assignment, of U.S. Patent No. 6,856,966 (the "'966

Patent") titled "PRODUCT DELIVERY METHODS"

61. A true and correct copy of the '966 Patent is attached as Exhibit A.

62. As the owner of the '966 Patent, Landmark holds all substantial rights in and under the '966 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

63. The United States Patent Office issued the '966 Patent on February 15, 2005.

64. The '966 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

65. Defendants have practiced and continue to practice one or more claims of the '966 Patent, including at least claims 1, 2, 4, 5, 6 and 7, by making, using, offering for sale, operating, licensing, selling and/or importing Uplay.

66. Defendants have no consent or authorization to practice the '966 Patent.

67. Defendants are on notice of the '966 Patent and the conduct by Ubisoft and its end users and how Uplay users infringe.

68. Defendants sell, offer to sell, import, operate and/or use Uplay in the United States.

69. Landmark has been damaged as a result of Defendants' infringing conduct.

70. Defendants are liable to Landmark in an amount that adequately compensates Landmark for Defendants' infringement, which compensation can be no less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 6,018,720)

71. Landmark incorporates paragraphs 1 through 70 herein by reference.

72. Landmark is the owner, by assignment, of U.S. Patent No. 6,018,720 (the "'720 Patent"), titled "DATA DELIVERY METHOD AND SYSTEM THEREFOR."

73. A true and correct copy of the '720 Patent is attached as Exhibit B.

74. As the owner of the '720 Patent, Landmark holds all substantial rights in and under the '720 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

75. The United States Patent Office issued the '720 Patent on January 25, 2000.

76. The '720 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

77. Defendants are practicing and continues to practice one or more claims of the '720 Patent, including at least claim 1, by making, using, licensing, operating, offering for sale, selling and/or importing Uplay.

78. Defendants have no consent or authorization to practice the '720 Patent.

79. Defendants are on notice of the '720 Patent and the conduct by Ubisoft and its end users and customer that infringes it.

80. Landmark has been damaged as a result of Defendants' infringing conduct.

81. Defendants are thus liable to Landmark in an amount that adequately compensates it for Defendants' infringement, which compensation can be no less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## NOTICE

82. Landmark has complied with the notice requirement of 35 U.S.C. § 287 and does not currently distribute, sell, offer for sale, or make products embodying the asserted Landmark Patents.

## PRAYER FOR RELIEF

Landmark prays for the following relief:

    a. That Ubisoft be summoned to appear and answer;

    b. That the Court enter an order declaring that Ubisoft has infringed the '966 Patent and the '720 Patent;

    c. That the Court grant Landmark judgment against Ubisoft for all actual, consequential, special, punitive, increased, and/or statutory damages, including, if necessary, an accounting of all damages; pre and post-judgment interest as allowed by law; and reasonable attorney's fees, costs, and expenses incurred in this action; and

    d. That Landmark be granted such other and further relief as the Court may deem

just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Landmark Networks, LLC demands trial by jury for all issues so triable pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a).

Dated: December 11, 2017

By /s/ *Marc Belloli*
Marc Belloli

M. Elizabeth Day
eday@feinday.com
Marc Belloli
mbelloli@feinday.com
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: 650 618-4360
Facsimile: 650 618-4368

Cabrach J. Connor (*Pro Hac Vice forthcoming*)
cab@connorleepllc.com
Jennifer Tatum Lee (*Pro Hac Vice forthcoming*)
jennifer@connorleepllc.com
CONNOR LEE, PLLC
609 Castle Ridge Road, Suite 450
Austin, Texas 78746-5113
Telephone: 512.777.1254
Facsimile: 888.387.1134

*Attorneys for Plaintiff*
Landmark Networks, LLC